UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINAY SAINI,

        Plaintiff,        Case No. 2:24-cv-11871

v.

        Hon. Brandy R. McMillion
        United States District Judge

SHERIDAN COMMUNITY
HOSPITAL, *et al.*,

        Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS FOR IMPROPER VENUE OR TO
ALTERNATIVELY TRANSFER TO THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT OF MICHIGAN (ECF NO. 9)**

Plaintiff Dr. Vinay Saini ("Dr. Saini") brought this action for claims of: (1) employment discrimination under Title VII of the Civil Rights Act of 1964, Americans with Disability Act of 1990 (42 U.S.C. § 1981), Michigan's Elliot-Larsen Civil Rights Act (Mich. Comp Laws § 37.2102 *et seq*.), and Persons with Disabilities Civil Rights Act (Mich. Comp. Laws § 37.1101 *et seq*.); (2) wrongful discharge under Michigan's Whistleblowers' Protection Act (Mich. Comp. Laws § 15.361 *et seq*.); (3) Common law fraud; (4) misrepresentation; and (5) other Michigan state law tort claims. *See* ECF No. 2. Before the Court is the 12(b)(3) Motion to Dismiss by Defendants Sheridan Community Hospital ("Sheridan"), Sheridan's Board of

1

Directors (the "Board"), Lili Petricevic ("Petricevic"), and unnamed John and Jane Doe(s) (collectively, the "Defendants"). ECF No. 9. The Motion has been fully briefed. ECF Nos. 13, 14. Having read the briefs, the Court finds that oral argument is unnecessary and will rule on the motion before it. E.D. Mich. L.R. 7.1(f)(2).

For the reasons stated below, the Court **GRANTS** the Motion and **ORDERS** the Clerk of the Court to **TRANSFER** the case to the United States District Court for the Western District of Michigan.

## I.

Dr. Saini is a medical doctor licensed to practice medicine in the state of Michigan, who relocated from the state of New Mexico. ECF No. 1, PageID.2. Sheridan is a private corporation, governed by its board of directors, in Sheridan, Michigan – a city within the jurisdiction of the Western District of Michigan.[1] *Id.* Petricevic serves as the Hospital's CEO. ECF No. 9-1, Page.ID.65. In 2023, Dr. Saini applied for a position with Sheridan through their website and was contacted to schedule an interview. *Id.* at Page.ID.3. According to Dr. Saini, Petricevic conducted the first interview virtually on December 29, 2023. *Id.* A second-round interview followed on January 18, 2024, with a "panel of multiple officers and employees of [the] Hospital." *Id.* at PageID.4. A third-round interview was held on

---

[1] In the Motion before the Court, Defendants specifically allege that Sheridan has its principal place of business at 301 North Main Street, Sheridan, Michigan in Montcalm, County. *See* ECF No. 9, PageID.48; ECF No. 9-1, PageID.65. Dr. Saini has not argued against this.

2

February 6, 2024, before a different panel that included the "Hospital's Board members and some healthcare providers at the Hospital." *Id.* at PageID.3-4.

On February 16, 2024, Dr. Saini alleges Petricevic and a member of the Board orally extended him an employment offer. *Id.* at PageID.4. On February 17, 2024, Dr. Saini alleges Petricevic emailed him a formal employment contract that was signed by the parties on March 12, 2024, with a tentative start date of May 1, 2024. *Id.* at PageID.5. Dr. Saini alleges that on the signing date, members of the Hospital's human resources department reached out to get his "required paperwork for onboarding" completed before his tentative start date. *Id.* Dr. Saini submitted the requested information. *Id.* This is where the present dispute begins.

On April 5, 2024, Dr. Saini alleges Petricevic emailed him a letter proposing the following:

> [t]he application you submitted has not provided adequate information for us to properly evaluate your education, training, physical and mental health status, experience, background, demonstrated ability, and current competence, nor does it provide adequate information for use to determine your compliance with applicable laws and requirements of federal and state healthcare programs.

*Id.* at PageID.6. Dr. Saini also alleges that two days later, he emailed Petricevic back, "noting that no unaddressed deficiencies in his application had been brought to his attention and without any specifics on the alleged deficiencies he cannot make an informed decision to her recommended proposal," but "expressed his willingness

3

to work with [the] Hospital on this issue to make his application 'complete.'" *Id.* From here, the parties continued discussions until Dr. Saini withdrew his employment application. *Id.* at PageID.6-8. Petricevic accepted Dr. Saini's withdrawal. *Id.* at PageID.8.

On May 6, 2024, Dr. Saini filed a discrimination charge against the Hospital with the Department of Justice. *Id.* On May 8, 2024, Dr. Saini contacted the Michigan Department of Civil Rights to file a discrimination charge against the Hospital. *Id.* On June 7, 2024, Dr. Saini filed a Charge of Discrimination with the Equal Employment Opportunity Commission against the Hospital. *Id.* On July 19, 2024, Dr. Saini filed this cause of action against Sheridan, Petricevic, the Board, and unnamed John and Jane Doe, resulting in the present motion before the Court. *See* ECF No. 1.

## II.

A Rule 12(b)(3) motion to dismiss is the procedural vehicle to challenge a case for improper venue. *See Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 538 (6th Cir. 2002). When considering a motion under Rule 12(b)(3), a court must draw all inferences in favor of the plaintiff, and the plaintiff bears the burden of demonstrating venue is proper. *See Audi AG &. Volkswagen of Am., Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002). If a court finds that venue is improper, it "shall dismiss, or if it be in the interest of justice, transfer such case to

4

any district … in which it could have been brought." 28 U.S.C. § 1406(a). "[A] court, however, retains discretionary authority to transfer an action under 28 U.S.C. § 1404(a)." *See Stewart Org., Inc., v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). (alteration in original).

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration for convenience and fairness.'" *Id.* Under § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Courts consider the following factors when ruling on a motion to transfer under 1404(a):

> (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interest of justice.

*McCuiston v. Hoffa*, 313 F. Supp. 2d 710, 719 (E.D. Mich. 2004). A Court "may also consider any factor that may make any eventual trial easy, expeditious, and inexpensive." *See AudiAG &. Volkswagen of Am., Inc. v. D'Amato*, 341 F. Supp. 2d 734, 749 (E.D. Mich. 2004).

5

## III.

The Motion before the Court turns on whether the Eastern District of Michigan is the appropriate venue to address the merits of Dr. Saini's claims. Typically, a plaintiff's choice of forum will be given deference unless the defendant makes an appropriate showing of (1) impropriety or (2) inconvenience. *See Audi AG*, 204 F. Supp. 2d, at 1023. The Court will address both in turn.

### A.  IMPROPRIETY

Defendants allege the claims cannot be brought because this Court is not the proper venue under Title VII venue provision in 42 U.S.C. § 2000e-5(f)(3). *See* ECF No. 9, PageID.52-56. Dr. Saini alleges that under § 2000e-5(f)(3), this Court is the proper venue. *See* ECF No. 13, Page.ID.122.-125. The Court disagrees with Dr. Saini. Concerning venue, § 2000e-5(f)(3) states:

> [Any action arising under this subchapter] may be brought in any judicial district in the State in which the *unlawful employment practice is alleged to have been committed*, in the judicial district in which the *employment records relevant to such practice are maintained and administered*, or in the judicial district in *which the aggrieved person would have worked but for the alleged unlawful employment practice*, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, *the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought*.

6

*See Jackson v. Auto Club Serv., Inc.*, No.2:22-cv-1100, 2023 WL158702, at *3 (E.D. Mich. Jan. 11, 2023) (citing 42 U.S.C. § 2000e-5(f)(3)) (alteration in original) (emphasis added).

Here, the Court finds a factual dispute to exist amongst the parties on (1) where the unlawful employment discrimination occurred, (2) where the records are maintained and administered, and (3) where Dr. Saini would have worked but for the unlawful employment practice. *See* ECF No. 13, PageID.122-124; ECF No. 9, PageID.54-55.; ECF No. 13, PageID.124-125.; ECF No. 9, PageID.55-56.; ECF No. 13, PageID.125; ECF No. 9, PageID.56. The Court will not address such claims to preserve the merits of the case. However, the Court finds the express language of § 2000e-5(f)(3) relevant to venue to state "the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought." 42 U.S.C. § 2000e-5(f)(3). Sheridan's principal place of business is located in the Western District of Michigan, where this action could have properly been brought. *See* ECF No. 9-1, Page.ID.65. However, the Court still has discretion to determine whether to transfer the action under § 1404a. *Stewart Org., Inc.*, 487 U.S. at 29. To that end, pursuant to § 2000e-5(f)(3), the Court exercises discretion to transfer the case.

While a dismissal for improper venue is based on Rule 12(b)(3), the requirements for what is proper venue are established by 28 U.S.C. § 1391(b).

*Kerobo v. Southwestern Clean Fuels, Corp.*, 285 F.3d 531, 538 (6th Cir. 2002). Under § 1391(b), a civil action may be brought (1) where the defendant resides, (2) where a substantial part of the events giving rise to the claim occurred, or (3) where neither of these elements are satisfied, in another district in which an action may otherwise be brought as provided in this section. 28 U.S.C. § 1391(b).

Here, Dr. Saini maintains that venue is proper under § 1391(b) because this Court has jurisdiction over Sheridan, as a resident of Michigan, and he alleges the events giving rise to the claim occurred in Oakland County. *See* ECF No. 13, PageID.126. The Court disagrees. For § 1391(b)(3) to be relevant, neither subsection (b)(1) nor (b)(2) can apply. So, while Dr. Saini's argument under (b)(3) may generally be correct, that subsection is not relevant here. Sheridan is located in Montcalm County, Michigan, in the Western District of Michigan. *See* ECF No. 9, PageID.49. Petricevic resides in Kent County, Michigan, also in the Western District of Michigan. *See* ECF No. 9-1, PageID.65. Both facts are sufficient to find venue to be proper in the Western District of Michigan under subsection (b)(1). The Court finds a factual dispute to exist to determine whether subsection (b)(2) would apply to allow the case to proceed and will refrain from addressing such to preserve the merits.

Nevertheless, because venue can be satisfied under § 1391(b)(1) in the Western District of Michigan, the Court finds § 1391(b)(3) to be inapplicable, making venue in the Eastern District of Michigan improper.

**B.    INCONVENIENCE**

To transfer an action under § 1404(a), courts evaluate whether the action: (1) could have been brought in the transferee district court; (2) a transfer serves the interest of justice; and (3) is in the convenience of the witnesses and parties. *See Fluidtech, Inc. v. Gemu Valves, Inc.*, 457 F. Supp.2d 762, 766 (E.D. Mich. 2006). Out of those three elements, the last one is most controlling here and turns on which forum would be more convenient to have all the relevant facts and witnesses hauled into court to resolve the dispute. *See Moses v. Bus. Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991).

Defendants argue transferring this case would be proper pursuant to § 1404 for inconvenience. Dr. Saini argues the Defendants have failed to meet their burdens under § 1404 to warrant this Court to transfer the case. While "§ 1404(a) operates on the premise[] that the plaintiff has properly exercised his venue privilege," the Court has broad discretion to transfer an action pursuant to § 1404 to avoid unnecessary delay and to protect parties, witnesses, and the public from undue expenses and inconvenience. *See Van Dusen v. Barrack*, 376 U.S. 612, 634, 643

(1964). And so, the Court will evaluate inconvenience based on the factors listed in *McCuiston v. Hoffa*. *See* 313 F. Supp. 2d 710, 719 (E.D. Mich. 2004).

### 1. Factors Weighing Against Transfer

Out of the seven factors, the only one the Court finds that truly weighs against transferring the case is "the interest of justice." Plaintiffs have the privilege to choose the venue of their choice and Dr. Saini chose this Court. *See Audi AG*, 204 F. Supp. 2d at 1023 (noting that a plaintiff's choice of forum is generally given substantial deference); *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981) (discussing a strong presumption for convenience in the plaintiff's favor if the forum is their home). Defendants argue under *Watson v. Bortz Health Care of Rose City* that the public interest factors weigh in favor of transferring the case in the interest of justice. *See* No. 2:05-cv-72989, 2006 WL 163528, at *4-5 (E.D. Mich. Jan. 20, 2006) (citing *Penwest Deve. Corp. v. Dow Chemical Co.*, 667 F. Supp. 436, 439 (E.D. Mich. 1987)). The Court is not persuaded by Defendants argument.

The court in *Watson* was concerned with the doctrine of forum non conveniens, which applies only in cases where the alternative forum is another country. *See Zion First Nat. Bank v. Moto Diesel Mexicana, S.A. de C.V.*, 629 F.3d 520, 524-27 (6th Cir. 2010) (discussing dismissal on grounds for forum non conveniens is inapplicable if another federal district is an alternative forum). That

10

is not the case here and as a result, the Court finds the interest of justice to weigh in Dr. Saini's favor.

### 2. Neutral Factors

Factor one—convenience of the parties—and factor six—practical problems associated with trying the case most expeditiously and inexpensively—are neutral in this transfer analysis. Both parties will claim that their preferred forum is more convenient and less expensive for them, and the Court considers that. However, neither factor would be decisive enough in this analysis to make a difference. As such, the Court finds these factors neutral in the analysis.

### 3. Factors Favoring Transfer

The remining factors, however, do weigh in favor of transferring the case. Here, the convenience of the witnesses, relative ease of access to sources of proof, availability of process to compel attendance of unwilling witnesses, and cost of obtaining willing witnesses all favor transfer because most of the information relevant to the case can be found at Sheridan or in the Western District of Michigan. *See* ECF No. 9-1, Page.ID.65. The decision to engage in the unlawful employment practice was conducted at Sheridan in the Western District of Michigan based on the pleadings. *See* ECF No. 1, Page.ID.6.-8. Dr. Saini argues the relative ease of access to sources of proof is neutral and favors neither party. *See* ECF No. 13, Page.ID.133. The Court disagrees. Just because information is available electronically does not

negate possible discoverable information that may be relevant to this matter from the interviews that were initially conducted regarding employment. Likewise, those same witnesses would be more likely to be compelled into court in the Western District of Michigan in favor of convenience and reduced cost to obtain them. Thus, with four factors weighing in favor of transfer, the Court finds keeping the case in this Court would be inconvenient to the witnesses and parties under § 1404(a).

Because this forum is neither proper nor convenient for the case to proceed and § 1406(a) provides for transfer from forums in which venue is wrongly or improperly laid, the Court will transfer the case to the United States District Court for the Western District of Michigan.

### IV.

Sheridan has made a sufficient venue challenge, and the Court finds the Western District of Michigan to be the more appropriate venue to address the merits of Dr. Saini's claims.

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 9), and **ORDERS** that the case be transferred to the United States District Court for the Western District of Michigan.

**IT IS SO ORDERED.**

Dated: November 25, 2024         s/Brandy R. McMillion
    Detroit, Michigan            BRANDY R. MCMILLION
                                       United States District Judge